Ramos, Demandante y Apelado, *v.* Sucesión Nadal, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre indemnización.

No. 2196.—Resuelto en mayo 6, 1920.

Desestimación de Apelación.—El hecho de que el recurso de apelación contra la sentencia que puso término al asunto en la corte inferior fuera establecido por abogados distintos de los que tuvieron la representación del apelante en el juicio no es motivo para desestimar la apelación.

Apelación—Notificación de la Apelación—Artículo 320 del Código de Enjuiciamiento Civil.—La notificación de apelación hecha a la encargada de la oficina de uno de los abogados que componen la firma profesional representante de la parte apelada por ausencia de aquél es válida y suficiente de acuerdo con el artículo 320 del Código de Enjuiciamiento Civil, para surtir los efectos legales correspondientes.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Francis y de la Haba y A. Nazario Lugo.*

Abogados del apelado: *Sres. Feliú & Alemañy.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

El apelado nos ha pedido que desestimemos el presente recurso de apelación fundándose en que fué interpuesto por

una firma profesional de abogados que no tuvo la representación del apelante en el juicio en la corte inferior y en que la notificación de la apelación no fué hecha a la parte contraria ni a su abogado.

Celebrada la vista de esa moción nos pidió el apelante que la dejáramos sin efecto alegando que no fué notificado de ella, pretensión a la que se opuso el apelado y que tenemos que negar porque de los autos consta que no sólo fué notificado por correo de la moción de desestimación sino también que el Secretario de esta Corte Suprema le notificó el señalamiento del día para la vista.

Después presentó el apelante otra moción para que le permitiéramos presentar un alegato en oposición a la moción de desestimación o que suspendiéramos su resolución hasta la vista de la apelación, moción con la que acompañó una declaración jurada en la que Gertrudis Benítez manifiesta que es y era empleada el día 13 de febrero de 1920 de las abogados Feliú & Alemañy en su oficina de San Juan y que en dicho día, cuando ninguno de los socios estaba en el bufete dichos señores fueron notificados de un escrito de apelación en este caso, recibiendo la declarante la copia de la notificación como la persona encargada del bufete en ese momento. La parte apelada se opuso por escrito a lo pretendido en esta moción y en cuanto a la declaración jurada no negó los hechos que en ella se consignan, limitándose a hacerle objeciones técnicas sin importancia por lo que podemos tomarla en consideración para resolver la moción de desestimación.

El hecho de que el recurso de apelación contra la sentencia que puso término al asunto en la corte inferior fuera establecido por abogados distintos de los que tuvieron la representación del apelante en el juicio no es motivo para desestimar la apelación. 4 Cyc. 955.

El segundo fundamento de la moción de desestimación tampoco es procedente pues de los autos aparece que la ape-

lación fué notificada el día 13 de febrero de 1920 al abogado Leopoldo Feliú, de la firma profesional Feliú. & Alemañy, firmando por él Gertrudis Benítez, y según la declaración jurada de ésta era en esa fecha empleada de dicha firma y en ausencia de los abogados y como encargada de la oficina recibió la notificación, forma de notificación que está autorizada por el artículo 320 del Código de Enjuiciamiento Civil preceptivo de que la diligencia de una notificación o entrega de documentos deberá hacerse personalmente a la parte o a su abogado, según proceda, o podrá diligenciarse cuando se hace a un abogado, que está ausente de su bufete, entregando la notificación o documentos al empleado o persona encargada de la oficina.

La moción de desestimación de la apelación debe ser negada.

*Desestimada la moción sobre desestimación de la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.